UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID HARTGRAVES,

        Plaintiff,

    v.

INDYMAC BANK; NDEx West, LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., FDIC, as receiver for IndyMac Bank, FSB, ONE WEST BANK and DOES 1-50, inclusive,

        Defendants.

NO. CIV. S-09-1713 LKK/EFB

O R D E R

/

On November 5, 2009, plaintiff David Hartgraves and defendant NDEx WEST, LLC filed a stipulation of nonmonetary status of defendant. Non-monetary status is defined in Cal. Civ. Code § 2924*l*, in the section of the code describing the rules for nonjudicial foreclosures. This section provides for a "trustee under a deed of trust [who] is named in an action or proceeding in which the deed of trust is the subject, and in the event that the trustee maintains a reasonable belief that it has been named in the action or proceeding solely in its capacity as trustee" it can file a declaration of nonmonetary status. Id. at § 2924*l*(a). If unopposed, "the trustee shall not be required to participate any

1

1  further in the action or proceedings, shall not be subject to any
2  monetary awards as and for damages, attorneys' fees or costs, shall
3  be required to respond to any discovery requests as a nonparty, and
4  shall be bound by any court order relating to the subject deed of
5  trust that is subject to the action or proceeding. Id. at §
6  2924*l*(d). See, e.g., Kachlon v. Markowitz, 168 Cal. App. 4th 316
7  (Cal. Ct. App. 2008).
8      The few federal cases to discuss the application of this
9  status in federal court concern situations where a trustee was
10 granted nonmonetary status in state court, and then the case was
11 removed to federal court. In these cases, the federal courts viewed
12 the trustee as a "nominal third party." Amaro v. Option One
13 Mortgage, Corp., 2009 WL 103302, at *1 (C.D. Cal. Jan. 14, 2009);
14 see also Hafiz v. Greenpoint Mortgage Funding, Inc., 2009 WL
15 2137423, at *2 (N.D. Cal. Jul. 16, 2009). Several federal cases
16 have recognized the status of the nominal defendant where an entity
17 or person is in possession of fraudulently obtained property, but
18 committed no wrongful act itself to obtain the property. S.E.C. v.
19 Colello, 139 F.3d 674, 676 (9th Cir. 1998); S.E.C. v. Cherif, 933
20 F.2d 403, 414 (7th Cir. 1991). In Cherif, the court described this
21 status as "the rather obscure common law concept of the 'nominal
22 defendant.'" 933 F.2d at 414.
23     Parties here have stipulated that (1) plaintiff's claims arise
24 solely from the origination and servicing of plaintiff's loan; (2)
25 defendant NDEx WEST, LLC had no involvement in the origination or
26 servicing of the loan; (3) defendant has been joined as a defendant

1  based on its limited role in handling the nonjudicial foreclosure
2  as an agent for the lender or as a successor trustee under the Deed
3  of Trust; (4) plaintiff does not assert any claims for monetary
4  relief against defendant nor does plaintiff allege any misconduct
5  by defendant in the performance of it duties or handling of the
6  foreclosure; (5) defendant agrees to be bound by any non-monetary
7  judgment or order by the court concerning ownership and title to
8  the real property, the validity, enforceability, and priority of
9  the Deed of Trust, and the nonjudicial foreclosure proceedings.
10      Based on these stipulated facts and positions of the parties,
11 it appears that defendant would be entitled to nonmonetary status
12 if this case were filed in state court. The stipulation conforms
13 in entirety with the guidelines of Cal. Civ. Code § 2924*l*. However,
14 non-monetary status does not appear to be recognized by federal
15 courts. Specifically, it is not clear to the court whether it may
16 grant that status of a nominal defendant or nominal third party
17 pursuant to the § 2924*l*.
18     For the foregoing reasons, the court DENIES the stipulation
19 of non-monetary status of defendant NDEx WEST, LLC.
20     The court further GRANTS plaintiff and defendant NDEx WEST,
21 LLC thirty (30) days from the date of this order to file a
22 stipulation explaining why this court should consider defendant a
23 nominal defendant, and if so, what this status should afford
24 defendant.
25     IT IS SO ORDERED.
26     DATED: November 18, 2009.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

3